UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. HULS,

        Plaintiff,

Case No. 1:07-cv-748

Hon. Gordon J. Quist

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for attorney fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA") (docket no. 15). On January 31, 2008, the court reversed and remanded this matter to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g). Defendant does not object to plaintiff's fee request. Accordingly, the court will consider the motion unopposed.

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

The Sixth Circuit has identified three conditions which must be met to recover attorney fees under the EAJA: "1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which

would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). Plaintiff has met all three conditions to recover attorney fees pursuant to the EAJA. First, although plaintiff has not yet obtained an award of benefits by virtue of this action, the Court has reversed the Commissioner's decision and remanded this matter for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). This reversal and remand renders plaintiff a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Second, it is the government's burden to show that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Defendant has not met this burden, having failed to file a response. Third, there are no special circumstances that warrant a denial of fees.

The amount of attorney fees awarded pursuant to the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In his affidavit, counsel states that he spent 22.00 hours working on this matter and seeks compensation at the hourly rate of $167.50, resulting in a requested EAJA fee award of $3,685.00. Based on this record, the court concludes that the hours expended by counsel have been adequately documented and are reasonable and that his hourly rate falls within the range of prevailing market rates for the kind and quality of the services rendered as authorized under § 28 U.S.C. 2412(d). In reaching this determination, the court notes that counsel should have calculated his hourly rate using the adjustment consumer price index ("CPI") for July 2007, the month of the earliest accounting for plaintiff's counsel's time on the

2

case, rather than counsel's later chosen date of December 2007.  *See Vanderkolk v. Commissioner*, No. 1:05-cv-741 (W.D. Mich.) (Report and Recommendation, Dec. 5, 2007);  *East v. Barnhart*, 377 F. Supp. 2d 1170, 1177 (M.D. Ala. 2005).  However, in this case, the CPI for both July 2007 and December 2007 result in the same adjusted hourly rate of $167.50.[1]  In short, the court agrees with counsel's requested hourly rate, but differs on the methodology used to reach that rate.  Accordingly, plaintiff is entitled to an EAJA fee award in the amount of $ 3,685.00.

### III.     Recommendation

Accordingly, I respectfully recommend that plaintiff's application for attorney fees and costs (docket no.15) be **GRANTED** and that counsel be awarded attorney fees in the amount of $ 3,685.00.


Dated:  April 7, 2008                                          /s/ Hugh W. Brenneman, Jr.
                                                               HUGH W. BRENNEMAN, JR.
                                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] The CPI for all urban consumers in July 2007 (not seasonally adjusted) was 208.299.  *See* United States Department of Labor, Bureau of Labor Statistics, web site at www.bls.gov.  The difference between the adjustment CPI (208.299) and the base CPI of March 1996 (155.7) is 52.599. [1996 was the year the statutory ceiling was set at $125.00.  *See, East v. Barnhart,* 377 F.Supp. 2d 1170 (M.D. Ala. 2005)].  This change in the CPI represents an increase of 34% (i.e., 52.599/155.7), and corresponds with an adjusted hourly rate of $167.50.