UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. HULS,

            Plaintiff,

Case No. 1:07-cv-748

Hon. Gordon J. Quist

vs.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.
                                      /

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's counsel's motion for attorney fees pursuant to the 42 U.S.C. § 406(b) (docket no. 24). The motion is unopposed.

**I.    Background**

Plaintiff filed this action appealing the Commissioner's decision regarding benefits on August 2, 2007. On January 31, 2008, the court remanded this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) pursuant to the parties' stipulation and entered judgment in favor of plaintiff. *See* Order and Judgment (docket nos. 13 and 14). Nearly four years later, on December 22, 2011, the Social Security Administration (SSA) awarded plaintiff disability benefits for the period of April 2003 through October 2011. *See* Notice of Change in Benefits (docket no. 25-1). The SSA's correspondence does not specify the total amount of past due benefits awarded to plaintiff. Based upon the 25% of the past due benefits withheld for payment of possible attorney fees ($22,278.25), plaintiff's total past due benefits would be $89,113.00. *See id.* Plaintiff's remaining past due benefits ($66,834.75) were reduced by previous SSI payments ($4,092.30), which resulted in a check sent to plaintiff in the amount of $62,742.45. *Id.*

Plaintiff's counsel seeks a fee award from this court of $10,250.00 based on § 406(b) and his fee agreement(s). *See* Motion for award of attorney fee (docket no. 24). The record reflects that plaintiff entered into two fee agreements. The first agreement, dated January 21, 2005, was executed two years before plaintiff filed his appeal in this Court. *See* Social Security Fee Agreement (docket no. 24-1 at p. 7). In this fee agreement, plaintiff agreed to pay his attorney "the lower of (a) 25% of past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(a)." *Id.* Plaintiff also agreed that if his attorney represented him in federal court, the attorney was entitled "to money under the Equal Access to Justice Act (EAJA) should we be successful," that such money would be paid directly to him and that the EAJA fees "will be in addition to the fees and expenses mentioned above." *Id.* Plaintiff entered into a second fee agreement on or about January 15, 2008, entitled "Federal Court Contingent Fee Agreement and Assignment of Equal Access to Just Attorney Fees and Costs." *See* Federal Court Contingent Fee Agreement (docket no. 24-1 at pp. 4-6). In this agreement, plaintiff agreed "that if the SSA favorably decides the claim(s), I will pay my representative a fee of twenty-five percent (25%) of the past-due benefits resulting from my claim(s)." *Id.* at ¶ 3. Plaintiff also agreed that any EAJA fees awarded "be paid directly to my Attorney." *Id.* at ¶ 11. The court views the 2008 fee agreement as superseding the 2005 agreement.

In addition to the contingency agreements, plaintiff's counsel has presented an itemized statement of his time spent on this matter, from January 21, 2005 through December 15, 2011. *See* Itemized Statement (docket no. 24 at pp. 4-9). This statement reflects that counsel spent a total of 41 hours on this matter and charged an hourly rate of $250.00, incurring fees in the amount of $10,250.00, and expenses totaling $835.44. *Id.* However, plaintiff spent only 22 of the 41 hours

2

working in federal court (i.e., from July 16, 2007 through February 1, 2008). *See* Affirmation in support of application for EAJA fees (docket no. 15). Thus, plaintiff's counsel incurred $5,500.00 in fees litigating plaintiff's claim at the federal court level (22 hours x $250.00 per hour).

## II.     Legal standard

Attorney fee awards in social security cases brought in this court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, this court must look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25 percent of past-due benefits. *Id.* at 807; § 406(b0(1)(A). Within the 25 percent boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Since the burden of persuasion is on the claimant's attorney, this seems to negate a presumption in favor of the agreed upon amount. *Id.* at 807 and fn. 17. In determining the reasonableness of the contingent fee, the court can reduce the fee based upon "the character of the representation and the results the representative achieved." *Id.* at 808. For example, it is appropriate to reduce the fee when

representation is substandard. *Id.*, citing *Lewis v. Secretary of Health and Human Svc.,* 707 F.2d 246, 249-250 (6th Cir. 1983). Also, if the attorney is responsible for delay, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *Gisbrecht,* 535 US. at 808, citing *Rodriguez v. Bowen,* 865 F.2d 739, 746-747 (6th Cir. 1989)(en banc). And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *Id.* "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

### III. Discussion

#### A. The previous fee awards

Plaintiff has received two previous attorney fee awards. First, on May 1, 2008, the court entered an order and judgment granting plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $3,685.00. *See* Order and Judgment (docket no. 18). Plaintiff acknowledges that his present fee request should be reduced by deducting the amount of the EAJA award. *See* Motion at ¶ 3; *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

Second, plaintiff has advised the court that the SSA awarded plaintiff $6,000.00 in attorney fees for work performed at the administrative level. *See* SSA Correspondence (Nov. 8, 2011) (docket no. 24-1). Plaintiff acknowledges that the fee request should be reduced by deducting the $6,000.00 awarded by the SSA. *See* Motion at ¶ 3. While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406(b) for work performed before the administrative agency and for work performed in the Federal

Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261 (6th Cir. 1994) (en banc) (concluding that under § 406(b), "each tribunal may award fees only for the work done before it"). Accordingly, plaintiff's fee award should be reduced by a total $9,685.00.[1]

### B.  The reasonableness of the requested fee award

Under the contingent fee agreement, plaintiff's counsel would receive $22,278.25, an amount equal to 25% of the past due benefits awarded to plaintiff. This amount should be reduced by $9,385.00 to reflect the previous attorney fee payments received by plaintiff, resulting in a maximum attorney fee award of $12,893.25. Plaintiff's counsel has voluntarily reduced this maximum fee award to $10,250.00. The amount of fees requested by plaintiff's counsel, from all sources, totals $19,635.00 for an effective contingency fee of 22%. Based on the record in this case, the court concludes that the requested fee is reasonable. Plaintiff's counsel doggedly pursued this claim for over six years. Counsel's efforts resulted in an agency finding that plaintiff had been disabled since April 2003 and was entitled to past due benefits in excess of $89,000.00. Furthermore, defendant has not objected to the amount of the requested fee, which falls below the maximum allowable contingency fee of 25%. Accordingly, the court finds that plaintiff's request for attorney fees is reasonable under § 406(b)(1)(A).

### IV.  Recommendation

For the reasons stated above, I respectfully recommend that plaintiff's motion for attorney fees under § 406(b) (docket no. 24) be **GRANTED** in the amount of **$10,250.00**.

Dated:  March 13, 2012         /s/ Hugh W. Brenneman, Jr.
                               HUGH W. BRENNEMAN, JR.
                               United States Magistrate Judge

---

[1] The court notes that plaintiff's counsel also returned a check to the SSA in the amount of $631.54, which was mistakenly sent to him. *See* Rinck Correspondence (Dec. 7, 2011) (docket no. 24-1). This returned check is not relevant to the present fee request.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).